[Civ. No. 15736. Second Dist., Div. One. Oct. 14, 1947.]

THOMAS B. VEZIE et al., Respondents, v. E. M. YOUNG et al., Appellants.

Roy C. Kaiser and Roy A. Linn for Appellants.

John M. Dvorin for Respondents.

DORAN, J.—This is an appeal from the judgment in a quiet title action.

Respondents, plaintiffs below, brought the within action against appellants, defendants and cross-defendants, to quiet

title to certain improved real estate alleged to be of the value of $3,000 or $3,500 and which returned a "substantial monthly income by way of rental."

■ The record reveals that plaintiffs were indebted to the Braas Lumber Company in the sum of $32.03; that said lumber company was adjudged a bankrupt; that during the administration of the bankrupt estate, defendant E. M. Young became the owner of the above-mentioned claim of $32.03; that later said E. M. Young filed a suit in the justice's court against respondents as defendants which resulted in a judgment by default. An execution issued and a levy on the property involved in the within action was followed by a sale to said E. M. Young to satisfy said justice court judgment; Young later deeded said property to defendants Lees for an alleged consideration of $3,000.

Briefly, the complaint in the action appealed from herein alleges the quiet title action in the usual form. Other causes of action allege in more or less detail the steps and proceedings in the justice court hereinbefore referred to. It is also alleged in substance that neither of the plaintiffs herein, who were defendants in the justice court lawsuit, had any notice of the action in said justice's court in any particular. It is also alleged that respondents first learned of said justice court lawsuit when defendant Joseph Lees, one of the appellants herein, demanded rent from the tenants occupying the property, whereupon respondents "took action by employing an attorney to take such legal action as would be required to protect their interests."

The trial court found for respondents, plaintiffs below.

Appellants contend, first, that the judgment should have been for defendants because,

"A. Judgment Cannot Be Collaterally Attacked.

"B. To Set Aside Judgment in Court of Equity It Is Necessary To Allege and Show Meritorious Defense.

"C. A Complaint for Relief Against a Judgment on Ground of Alleged Fraud in Its Procurement Which Shows No Facts Constituting a Defense to Merits of Original Action, Does Not State a Cause of Action.

"D. The Objection That Complaint Does Not State Facts Sufficient to Constitute a Cause of Action Is Not Waived by Failing to Demur and May Be Urged Upon Appeal.

"E. An Execution Sale of Land Will Not Be Set Aside Although No Personal Notice of Sale Was Given Judgment Debtor.

"F. Justice Court of Inglewood Township Is a Class A Court.

"G. The Judgment of the Justice Court Was Not Only Regular on Its Face but It Was Just." and

"H. Marshal's Sale Valid."

It should be noted at the outset that there was no demurrer to the complaint and, assuming that certain necessary allegations were lacking in the complaint, they nevertheless were included in the answers to the cross-complaints, not only in the form of denials but in the form of affirmative allegations as well. The pleadings on the whole are in accord with the findings.

It is evident from a review of the record that the court believed the plaintiffs with regard to the contention that there had been no service of process in the justice court action and that all of the steps taken in said court had been without plaintiff's knowledge. It is true that there was a conflict in the evidence but it is well settled that in such circumstances the judgment of the trial court is conclusive. The findings of fact as above noted manifestly invalidated the proceedings in the justice's court as a matter of law, and the judgment herein appealed from, which resulted in a restoration of the property to plaintiffs, was proper.

There being no errors in the record, the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 11, 1947. Edmonds, J., and Spence, J., voted for a hearing.